IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
v.
ROBERT L. HARRISON,
      Movant

Case No. 3:10-cr-39-KRG-KAP

Report and Recommendation

Recommendation

Robert Harrison filed a motion for reduction of his sentence under 28 U.S.C.§ 3582, docketed at docket no. 151, and referred to me under 28 U.S.C.§ 636(b)(3). The motion should be denied.

Report

Harrison entered a guilty plea on July 19, 2011, to conspiracy to distribute crack cocaine, and possession of crack cocaine with intent to distribute. The total amount at issue was 10.79 grams of crack. Harrison's plea was pursuant to an agreement waiving his right to take a direct appeal or file a motion to vacate. docket no. 148, Plea Agreement at 3, ¶A.8; docket no. 147, July 19, 2011 Change of Plea Transcript at 13-14. Harrison was sentenced on December 7, 2011, to 151 months imprisonment. docket no. 115, minute entry; docket no. 116, Judgment and Commitment Order; docket no. 130, 131, December 7, 2011 Sentencing Hearing Transcript. The crack cocaine guideline range for Harrison was 30-37 months; Harrison's prior felony drug convictions called for application of the career offender guideline range, which was 151-188. As can be seen, the court sentenced Harrison to the bottom

end of the advisory guideline range, but neither departed downward nor made a downward variance at sentencing.

Despite the plea agreement, Harrison nonetheless filed a direct appeal, which was rejected by the Court of Appeals on the basis of the appellate waiver. See docket no. 144, <u>United States v. Harrison</u>, No. 11-4464 (3d Cir. April 6, 2012). Harrison next filed a motion to vacate his sentence, docket no. 146 and <u>United States v. Harrison</u>, Case No. 3:12-cv-123-KRG-KAP, which was referred to me and denied, without prejudice to filing a motion under 18 U.S.C.§ 3582, if that ever became appropriate. docket no. 149, Report and Recommendation; docket no. 150, Memorandum Order of August 6, 2012.

Shortly thereafter, Harrison filed the instant motion at docket no. 151. It is asserted to be based on 18 U.S.C.§ 3582, which permits reductions of sentence after a sentence has otherwise become final, in cases where the guideline range used to compute a sentence has been subsequently reduced by the Sentencing Commission. That section is inapplicable here, because the Fair Sentencing Act and the modified career offender and crack cocaine advisory Sentencing Guidelines were already in effect at the time of Harrison's sentencing, and in fact were expressly referred to as being the applicable guidelines at sentencing, docket no. 130, 131, December 7, 2011 Sentencing Hearing Transcript at 8, and have

not been modified in any way made relevant to Section 3582 since then.

Further, even if Section 3582 were relevant, Harrison would not benefit because he was sentenced as a career offender under United States Sentencing Guidelines §4B1.1, and those guidelines have not been retroactively reduced by the guideline changes (Amendment 706 and Amendment 750) affecting crack cocaine offense levels at United States Sentencing Guidelines §2D1.1. Harrison's motion should be denied. It would appear that Harrison's only route to a reduction of his sentence would now be through the executive branch of government, either by pardon or a motion under Fed.R.Crim.P. 35(b)(2).

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: November 13, 2012

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Robert L. Harrison, Reg. No. 32682-068
F.C.I. Gilmer
P.O. Box 6000
Glenville, WV 26351